```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF MISSOURI
                      EASTERN DIVISION
```

GARY J. WERNER,                      )
                                     )
        Plaintiffs,              )
                                     )
     vs.                            )      No. 4:05-CV-2113 (CEJ)
                                     )
FIDELITY INVESTMENTS LIFE            )
INSURANCE COMPANY, et al.,           )
                                     )
        Defendants.              )

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of defendant Fidelity Brokerage Services, LLC, (FBS) to stay these proceedings in favor of arbitration. Plaintiff has not filed a response to the motion and the time allowed for doing so has expired.

### I. Background

Plaintiff Gary J. Werner alleges that he invested the proceeds of a disability settlement with defendants Fidelity Investments Life Insurance Company (FILI) and FBS. He further alleges that defendants' employees "churned" the accounts, made unsuitable investments, made unauthorized trades, and failed to disclose the risks involved in his investments.[1] He claims he suffered injury in the form of losses on securities and trades; excessive costs and brokerage fees; lost profits; margin interest; and anxiety, mental distress, and medical costs. He brings claims for breach of fiduciary duty, negligence, conversion, and violation of the

---

[1] Plaintiff also named Merrill Lynch & Company as a defendant. On January 25, 2006, he dismissed his claims against Merrill Lynch without prejudice in order to pursue arbitration.

Missouri Merchandising Practices Act, Mo.Rev.Stat. § 407.020.1.

Plaintiff signed an account application with defendant FBS on May 31, 1993. The following paragraph appears directly above the signature line:

> I REPRESENT THAT I HAVE READ THE TERMS AND CONDITIONS CONCERNING THIS ACCOUNT AND AGREE TO BE BOUND BY SUCH TERMS AND CONDITIONS AS ARE CURRENTLY IN EFFECT AND AS MAY BE AMENDED FROM TIME TO TIME. THIS ACCOUNT IS GOVERNED BY A PRE-DISPUTE ARBITRATION CLAUSE, WHICH IS FOUND IN SECTION 18 OF THE CUSTOMER AGREEMENT. I ACKNOWLEDGE RECEIPT OF THE PRE-DISPUTE ARBITRATION CLAUSE.

The following admonition appears at the top of the Customer Agreement: "Please Read This Agreement in its Entirety Before Signing the Application." The arbitration agreement appears in the last provision and states:

> **17. PRE-DISPUTE ARBITRATION AGREEMENT.** THIS ACCOUNT IS SUBJECT TO THE ARBITRATION RULES OF THE NEW YORK STOCK EXCHANGE, INC., OR THE NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC. I AM AWARE OF THE FOLLOWING:
>
> (a) ARBITRATION IS FINAL AND BINDING ON THE PARTIES.
> (b) THE PARTIES ARE WAIVING THEIR RIGHT TO SEEK REMEDIES IN COURT, INCLUDING THE RIGHT TO A JURY TRIAL.
> (c) PRE-ARBITRATION DISCOVERY IS GENERALLY MORE LIMITED THAN AND DIFFERENT FROM COURT PROCEEDINGS.
> (d) THE ARBITRATORS' AWARD IS NOT REQUIRED TO INCLUDE FACTUAL FINDINGS OR LEGAL REASONING AND ANY PARTY'S RIGHT TO APPEAL OR SEEK MODIFICATION OF RULINGS BY THE ARBITRATORS IS STRICTLY LIMITED.
> (e) THE PANEL OF ARBITRATORS WILL TYPICALLY INCLUDE A MINORITY OF ARBITRATORS WHO WERE OR ARE AFFILIATED WITH THE SECURITIES INDUSTRY.
>
> I AGREE THAT ALL CONTROVERSIES THAT MAY ARISE BETWEEN US CONCERNING ANY ORDER OR TRANSACTION, OR THE CONTINUATION, PERFORMANCE OR BREACH OF THIS OR ANY OTHER AGREEMENT BETWEEN US, WHETHER ENTERED INTO BEFORE, ON OR AFTER THE DATE THIS ACCOUNT IS OPENED, SHALL BE DETERMINED BY ARBITRATION BEFORE A PANEL OF INDEPENDENT ARBITRATORS SET UP BY EITHER THE NEW YORK STOCK EXCHANGE, INC., OR NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC., AS I MAY DESIGNATE. IF I DO NOT

> NOTIFY YOU IN WRITING OF MY DESIGNATION WITHIN FIVE (5) DAYS AFTER I RECEIVE FROM YOU A WRITTEN DEMAND FOR ARBITRATION, THEN I AUTHORIZE YOU TO MAKE SUCH DESIGNATION ON MY BEHALF. I UNDERSTAND THAT JUDGMENT UPON ANY ARBITRATION AWARD MAY BE ENTERED IN ANY COURT OF COMPETENT JURISDICTION.

Similar provisions appear in the Brokerage IRA application and associated customer agreement that plaintiff signed on September 25, 1996; the Rollover IRA application signed on January 29, 1997;[2] and the two Brokerage IRA applications signed on March 16, 1998.

## II. Discussion

Before a party may be compelled to arbitrate under the Federal Arbitration Act, the Court must engage in a limited inquiry to determine whether a valid agreement to arbitrate exists between the parties and whether the specific dispute falls within the scope of that agreement. Faber v. Menard, Inc., 367 F.3d 1048, 1052 (8th Cir. 2004); Daisy Mfg. Co., Inc. v. NCR Corp., 29 F.3d 389, 392 (8th Cir. 1994). A federal court must compel arbitration once it determines that the dispute falls within the scope of a valid arbitration agreement. 9 U.S.C. §§ 3,4. An agreement to arbitrate is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." Id. at § 2. "Questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration." Houlihan v. Offerman & Co., Inc., 31 F.3d 692, 694-95 (8th Cir. 1994), quoting Moses H. Cone Memorial Hosp. v. Mercury Constr.

---

[2] Although the date "1-29-96" appears next to plaintiff's signature, the date "1/30/97" appears next to the manager's signature and the application is date stamped "97-JAN 29."

-3-

Corp., 460 U.S. 1, 24 (1983). "[A]ny doubts in construing contract language on arbitrability 'should be resolved in favor of arbitration.'" Telectronics Pacing Systems, Inc. v. Guidant Corp., 143 F.3d 428, 430 (8th Cir. 1998), quoting Moses H. Cone Memorial Hosp., 460 U.S. at 24-25.

Plaintiff does not contest the validity of the arbitration agreement and a review its terms establishes that this dispute falls within the scope of the agreement. ("I AGREE THAT ALL CONTROVERSIES THAT MAY ARISE BETWEEN US CONCERNING ANY ORDER OR TRANSACTION, OR THE CONTINUATION, PERFORMANCE OR BREACH OF THIS OR ANY OTHER AGREEMENT BETWEEN US, . . . SHALL BE DETERMINED BY ARBITRATION."). The Court will grant the motion to compel, and this action will be dismissed as to defendant FBS.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant Fidelity Brokerage Services, LLC, to stay proceedings and to compel arbitration [Doc. #69] is **granted**. An order of dismissal will be filed separately.

                                                                CAROL E. JACKSON
                                                                UNITED STATES DISTRICT JUDGE

Dated this 18th day of June, 2007.