```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                           EASTERN DIVISION


GARY J. WERNER,                      )
                                     )
            Plaintiffs,              )
                                     )
       vs.                           )     No. 4:05-CV-2113 (CEJ)
                                     )
FIDELITY INVESTMENTS LIFE            )
INSURANCE COMPANY, et al.,           )
                                     )
            Defendants.              )
```

### MEMORANDUM AND ORDER

This matter is before the Court on the motion of defendant Fidelity Investments Life Insurance Company (FILI) for summary judgment[1]. Plaintiff has filed a response to the motion and the issues are fully briefed.

Plaintiff Gary J. Werner alleges that he invested the proceeds of a disability settlement with defendants Fidelity Investments Life Insurance Company (FILI) and Fidelity Brokerage Services, LLC (FBS).[2] He further alleges that his accounts were managed by defendants' employees who "churned" the accounts, made unsuitable investments, made unauthorized trades, and failed to disclose the

---

[1] Defendant also moves to strike plaintiff's affidavit in opposition to the summary judgment motion. The Court believes it appropriate to consider the plaintiff's affidavit, despite its foundational deficiencies.

[2] After defendant FILI filed its motion for summary judgment, plaintiff amended his complaint to add FBS as a defendant. FBS has filed a motion to compel arbitration, which the Court will separately address.

risks involved in his investments.[3] He claims he suffered injury in the form of losses on securities and trades; excessive costs and brokerage fees; lost profits; margin interest; and anxiety, mental distress, and medical costs. He brings claims for breach of fiduciary duty, negligence, conversion, and violation of the Missouri Merchandising Practices Act, Mo.Rev.Stat. § 407.020.1. Defendant FILI moves for summary judgment, arguing that plaintiff cannot establish that he was damaged by any act or omission of FILI. More specifically, FILI contends that the undisputed evidence establishes that it never "managed" plaintiff's investments. Furthermore, defendant asserts, plaintiff realized a gain on his investments with FILI. Defendant suggests that the allegedly mishandled investment accounts were actually obtained through FBS.

### I. **Legal Standard**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment the court is required to view the facts in the light most favorable to the non-moving party and must give that party the

---

[3]Plaintiff also named Merrill Lynch & Company as a defendant. On January 25, 2006, he dismissed his claims against Merrill Lynch without prejudice in order to pursue arbitration.

benefit of all reasonable inferences to be drawn from the underlying facts. AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Fed. R. Civ. P. 56(c). Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986).

**II. Discussion**

Under the local rules adopted by this court, a party submitting a motion for summary judgment is required to attach a statement of uncontroverted material facts, supported by citations to the record. E.D. Mo. L.R. 4.01(E). The memorandum in opposition to the summary judgment motion must include a statement of those facts as to which the party contends a genuine issue exists. Id. "All matters set forth in the statement of the movant

shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party." Id.

In this instance, defendant filed a statement of uncontroverted material facts. Plaintiff has filed a response in which he admits some facts and specifically controverts others, supported by citation to his affidavit. He denies yet other facts, stating only that he has insufficient information to form a belief as to their truth. He has not responded to three of defendant's stated facts. The Court has treated as admitted those facts plaintiff failed to address or as to which he pleads ignorance.[4]

Plaintiff purchased two variable annuity contracts from defendant FILI. The first contract was purchased on March 24, 1993. Plaintiff invested a total of $140,248.79 in the account between the date of purchase and May 3, 1999. The second contract was purchased on January 30, 1996, with an initial investment of $5,074.32, and no further investments. Plaintiff surrendered both contracts on July 2, 2001, and received $173,632.23 for the first contract ($33,383.44 more than he invested) and $9,692.80 for the second contract ($4,618.48 more than he invested). He paid an annual asset-based fee on each account, the amount of which has not been provided to the Court. Defendant FILI states that it did not impose any sales charges or receive any commissions from plaintiff.

---

[4]Plaintiff did not file a motion for additional discovery pursuant to Rule 56(f) before filing his response to the summary judgment motion.

Plaintiff has not presented specific facts to dispute defendant's assertion.

Defendant submits the affidavit of Daniel Bresnahan, compliance director for defendant FILI. Mr. Bresnahan states that FILI is a life insurance company and is not a securities broker-dealer or an insurance agency. FILI does not purchase, sell, or exchange securities; does not give investment advice; and does not make investment recommendations. FILI's annuities are distributed by its affiliates: FBS, a registered securities broker-dealer, and Fidelity Insurance Agency, Inc., a licensed life insurance agency. FILI does not exercise discretion over assets held in its customers' accounts. Mr. Bresnahan further states that in addition to the two variable annuity accounts, plaintiff maintained seven different brokerage accounts with FBS between March 20, 1993, and March 22, 2001.

In his affidavit, plaintiff states that he opened an account with "Fidelity Investments" in 1993 and invested over $300,000 over the course of seven years in annuities and other funds. The distinction between FILI and FBS was never explained to him and he thought he was dealing with the same company at all times. Plaintiff states that he became disabled in November 1999 with little prospect of returning to work. He met with account representatives, whose names he believes were Steve and Angela, to discuss the proper investment of all of his funds, with the goal of providing him support for a significant period of disability. He was advised to invest in stock funds. He now believes that advice

was inappropriate and alleges that he has lost approximately $110,000 in the value of his annuities and investments as a result of "Fidelity's actions."

In order to recover on his claims against FILI, plaintiff must establish that he was harmed as a result of FILI's alleged conduct, rather than that of another entity.  Plaintiff has presented no facts that contradict Bresnahan's assertion that FILI does not purchase, sell or exchange securities; give investment advice; or exercise discretion over assets held by its customers. Furthermore, the undisputed evidence establishes that plaintiff's investments with FILI increased in value.  Thus, plaintiff has failed to present any evidence that he suffered damage as the result of an act or omission by defendant FILI.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant Fidelity Investments Life Insurance Company for summary judgment [Doc. #34] is **granted**.

**IT IS FURTHER ORDERED** that defendant's motion to strike plaintiff's affidavit [Doc. #53] is **denied**.

A judgment consistent with this Memorandum and Order will be entered separately.

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 18th day of June, 2007.